In re CHAVEZ.

(Circuit Court, S. D. California. March 2, 1896.)

HABEAS CORPUS—IMPRISONED CONVICT—LOCATION OF PENITENTIARY.

The fact that a penitentiary over which the territory of Arizona claims and exercises jurisdiction is alleged to be beyond its boundary, and in the state of California, is no ground for issuing a writ of habeas corpus to release one imprisoned therein under sentence of an Arizona court. A boundary dispute cannot be created or determined in this manner, especially as territories are authorized by statute (Act June 16, 1880) to provide for maintaining their convicts in the prisons of other states or territories.

This was an application by Calvert Wilson for a writ of habeas corpus for Avaristo Chavez.

Calvert Wilson, for petitioner.

ROSS, Circuit Judge. It is provided by section 754 of the Revised Statutes of the United States that such an application "shall be made to the court, or justice, or judge authorized to issue the same, by complaint in writing, signed by the person for whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim, or authority, if known. The facts set forth in the complaint shall be verified by the oath of ·the person making the application." In the petition it is stated that Chavez is unable, by reason of his imprisonment, to make the application, and that it is therefore made by the petitioner on his behalf, and by his express authority. It is provided by section 755 of the Revised Statutes that the court or justice or judge to whom an application for such a writ is presented "shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto." Assuming that the facts stated sufficiently excuse the absence of the signature and verification of the prisoner, I am of the opinion that it appears from the petition itself that the writ should not be awarded. The petition shows upon its face that Chavez was regularly convicted in the Fourth judicial district of the territory of Arizona of a violation of section 2139 of the Revised Statutes of the United States, upon which conviction he was duly sentenced by that court to 13 months' imprisonment in "the territorial prison at Yuma, Arizona territory," and "that he pay a fine amounting to the sum of one hundred dollars, and to stand committed until the amount of said fine shall have been fully paid, or said defendant's authorized dis-

charge according to law," and "that the said [United States] marshal transport the said Avaristo Chavez to the said territorial prison, and deliver him, the said Chavez, to the keeper of said territorial prison, and that the said keeper detain the said Avaristo Chavez according to this sentence." It further appears from the petition that Thomas Gates, whom the petition alleges unlawfully restrains Chavez of his liberty, is the superintendent of the territorial prison of Arizona, at Yuma, and that that prison was established by section 2417 of the statutes of Arizona in the town of Yuma, county of Yuma, territory of Arizona, and that it is the only territorial prison of Arizona territory. The petition alleges that as a matter of fact the prison was built and stands about 500 feet outside of the Arizona boundary, and within the state of California, and that alleged fact constitutes the real ground of the alleged illegality of Chavez's imprisonment. It thus appears from the petition itself that the territory of Arizona claims and exercises jurisdiction over the ground upon which the prison is located, and no adverse claim thereto upon the part of the state of California is made to appear. I think it very clear that a dispute in respect to the true boundary between the state of California and the territory of Arizona cannot be created or determined upon a petition for a writ of habeas corpus on behalf of one duly convicted and sentenced and imprisoned by the government establishing and maintaining the prison. It will be time enough to consider whether the prison in question is, as a matter of fact, within the limits of the state of California, when that state asserts some right to it, and when the question is presented in an appropriate proceeding. Besides, it is not true that persons convicted and sentenced to imprisonment by the courts of Arizona must necessarily be imprisoned in that territory; for it is provided in paragraph 10 of the act of congress entitled "An act making appropriations for the sundry civil expenses of the government for the fiscal year ending June 30, 1881, and for other purposes," approved June 16, 1880, "that the legislative assemblies of the several territories of the United States may make such provision for the care and custody of such persons as may be convicted of crime under the laws of such territory as they shall deem proper, and for that purpose may authorize and contract for the care and custody of such convicts in any other territory or state, and provide that such person or persons may be sentenced to confinement accordingly in such other territory or state; and all existing legislative enactments of any of the territories for that purpose are hereby legalized." 1 Supp. Rev. St. p. 299. Writ denied.