## COLLINS et al. v. TRAEGER, Sheriff.

Circuit Court of Appeals, Ninth Circuit.
August 20, 1928.

No. 5485.

1. **Habeas corpus ⟷57—Petition for habeas corpus may be made and verified by one authorized to act on behalf of prisoner in peril of being removed from jurisdiction before he can act in person (28 USCA §§ 454, 460; District Court Rule No. 51).**

Under Rev. St. § 760 (28 USCA § 460), declaring that petitioner for habeas corpus or party imprisoned or restrained may deny any facts set forth in the return, and District Court Rule No. 51. petition for habeas corpus may be made and verified by a person authorized to act on behalf of the one restrained of his liberty, who is in peril of being removed from jurisdiction of the court before he can act in person, notwithstanding Rev. St. § 754 (28 USCA § 454), providing that application for writ shall be made by complaint in writing, signed· by the person for whose relief it is intended, and verified by person making application.

2. **Habeas corpus ⟷113(5½)—Objection that application for habeas corpus was signed by another than prisoner held merely procedural, and not available when raised for first time on appeal (28 USCA § 454).**

Objection that application for writ of habeas corpus was not signed by person for whose relief it was intended, as required by Rev. St. § 754 (28 USCA § 454), was merely procedural, and not jurisdictional, and, not having been raised or ruled on by trial court, could not be considered on appeal.

3. **Extradition ⟷32—Condition precedent to extradition is affidavit before magistrate of demanding state, where no indictment.**

Where there is no indictment, an essential condition precedent to the exercise of the power to extradite is an affidavit made before a magistrate· of the demanding state.

4. **Extradition ⟷36—Absence of recital that affidavit or verified complaint was made before magistrate and inadequacy in charging offense held not to make rendition warrant void.**

Failure of rendition warrant to recite that affidavit or verified complaint was made before a magistrate of demanding· state, and to adequately set forth elements of offense charged, *held* not to render it void on its face, in view of presumption of official regularity and failure of statutes to prescribe form or contents of warrant.

5. **Extradition ⟷34—Certificates of clerk of court of demanding state held not defective because signed by person other than one named·as clerk.**

Certificates of clerk of municipal court of demanding state, authenticating copies of complaint and rendition warrant, *held* not defective, in that, though reciting that K. was the clerk of such court, they were signed by W., where both certificates bore seal of court, and chief judge thereof certified that K. was the clerk, and that his attestation was in due form of law and by the proper person.

6. **Habeas corpus ⟷92(2)—Federal court in habeas corpus·proceeding cannot inquire on what information Governor of demanding state acted.**

Since federal statutes require only that affidavit or complaint in extradition proceedings be authenticated by the Governor of the demanding state, it is not for the federal court in habeas corpus· proceeding to inquire on what information he may have acted.

7. **Extradition ⟷32—Judge of Chicago municipal court held "magistrate," within statute requiring affidavit in extradition proceedings to be made before magistrate.**

Judge of the municipal court of the city of Chicago *held* to be a "magistrate," within extradition statutes requiring affidavit to be made before magistrate of demanding state, where there is no indictment, regardless of whether, under Illinois statutes, the court, technically speaking, or a judge thereof, exercising its functions, is to be deemed magistrate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Magistrate.]

8. **Extradition ⟷32—Allegation that person sought to be extradited committed offense charged held sufficient under statute of demanding state.**

Allegation of complaint or affidavit in extradition proceeding that alleged fugitive from justice, sought to be extradited, committed offense charged, *held* sufficient under statute of demanding state requiring complaint for preliminary examination to contain, in addition to a concise statement of the offense and the name of the accused, an averment that complainant has just and reasonable· grounds to believe that such person committed the offense.

9. **Extradition ⟷32—Complaint in extradition proceeding, charging use of "the confidence game" substantially in form prescribed by statute of demanding state, held sufficient (Smith-Hurd Rev. St. Ill. 1927, c. 38, § 256; Cr. Code Ill. c. 38, pars. 98, 99).**

Complaint for examination in rendition proceeding, charging that person sought to be extradited feloniously and fraudulently obtained specified sum from certain person "by means and by use of the confidence game," in violation of Smith-Hurd Rev. St. Ill. 1927, c. 38, § 256, and which was substantially identical with the form prescribed in Cr. Code Ill. c. 38, par. 99, *held* sufficient, notwithstanding failure to allege that the means employed is "commonly called" the confidence game, as required in paragraph 98.

10. **Extradition ⟷32—Charge declared sufficient for indictment by Legislature and courts of demanding state is sufficient "charge of crime" for rendition purposes.**

A charge meeting the requirements of fundamental law, and which the Legislature and the courts of demanding state have declared to be sufficient for ·purpose of indictment, should be held a sufficient "charge of crime" for rendition purposes, even though such description may fall short of the details required by the

state statutes for complaints or for other purposes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Charge (in Criminal Law).]

11. Habeas corpus ⊚⟹92(2)—Constitutionality of state statute, defining offense, alleged in extradition proceeding to have been violated, cannot be determined in habeas corpus proceeding (Cr. Code Ill. c. 38, par. 98).

Constitutionality of Cr. Code Ill. c. 38, par. 98, denouncing the offense of obtaining or attempting to obtain money or property by any means commonly called "the confidence game" having been sustained by Supreme Court of Illinois, and question being at most only debatable, will not be considered in habeas corpus proceeding to prevent removal of prisoner to Illinois in extradition proceeding on charge of having violated said statute.

12. Habeas corpus ⊚⟹85(2)—Evidence of no valid basis for charge against prisoner in rendition proceeding and complainant's motives held properly rejected in habeas corpus proceeding.

In habeas corpus proceeding to secure release of prisoner arrested in rendition proceeding, court properly rejected evidence tending only to show that there was no valid basis for criminal charge, and that complainant's motives were extortion and revenge.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Habeas corpus proceeding by G. D. Collins and S. S. Millard against William I. Traeger, as Sheriff of the County of Los Angeles, State of California. Writ denied, and petitioners appeal. Affirmed.

George D. Collins, Jr., of San Francisco, Cal., for appellants.

Asa Keyes, Dist. Atty., and Tracy Chatfield Becker, Deputy Dist. Atty., both of Los Angeles, Cal., for appellee.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. The appellant Millard stands charged in an Illinois court with the commission in that state of an offense defined by the statutes as obtaining money or property by "means, instrument, or device commonly called 'the confidence game.'" He was found and arrested in California, and upon a requisition from the Governor of Illinois the Governor of California issued a warrant of rendition, under authority of which the appellee, sheriff of Los Angeles county, holds him for delivery to the designated agent of the demanding state. While so held, he made application to the United States District Court for a writ of habeas corpus, which, after a hearing, was denied, and from the order so made he prosecutes this appeal. His identity and his presence in Illinois at the time of the alleged offense are conceded.

[1] The original complaint, or application for the writ, was signed and verified by G. D. Cole, with the explanation, therein set forth, that it was made on behalf and at the request of appellant, who, being in custody, was in peril of being removed from the jurisdiction of the court before he could act in person. By section 754, R. S. U. S. (28 USCA § 454), it is provided that application for a writ of habeas corpus shall be made "by complaint in writing, signed by the person for whose relief it is intended, * * * verified by the oath of the person making the application." But section 760, R. S. U. S. (28 USCA § 460), declaring that "the petitioner or the party imprisoned or restrained may deny any of the facts set forth in the return," would seem clearly to imply that under the circumstances here shown the petition may be made and verified by a person authorized to act on behalf of the one restrained of his liberty. Such a construction is embodied in a standing rule of the court below (No. 51), and is supported, we think, by the weight of authority. U. S. v. Watchorn (C. C.) 164 F. 152, 153; Ex parte Dostal (D. C.) 243 F. 664, 668; U. S. ex rel. Bryant v. Houston (C. C. A.) 273 F. 915. Contra, perhaps, is Ex parte Hibbs (D. C.) 26 F. 421, 435.

[2] Besides, the point not being jurisdictional, but procedural only, and not having been raised or ruled upon by the trial court, it cannot now avail. Had the objection been made below, appellant would doubtless have sought and obtained leave to amend, by adding to the complaint his signature and verification.

The rendition warrant issued by the Governor of California contains the following recitals:

"Whereas, it has been represented to me by the Governor of the state of Illinois that Elid Stanitch, alias S. S. Millard, stands charged with the crime of confidence game committed in the county of Cook, in said state, and that he fled from the justice of that state, and has taken refuge in the state of California, and the said Governor of Illinois having, in pursuance of the Constitution and laws of the United States, demanded of me that I shall cause the said Elid Stanitch, alias S. S. Millard,

to be arrested and delivered to Robert E. Calkins, who is authorized to receive him into his custody and convey him back to the said state of Illinois;

"And whereas, the said representation and demand is accompanied by a copy of complaint, warrant of arrest, certificate of judge and . clerk, affidavit certified by the Governor of the state of Illinois, to be authentic, whereby the said Elid Stanitch, alias S. S. Millard, is charged with said crime; and it satisfactorily appearing that the representations of said Governor are true, and that said Elid Stanitch, alias S. S. Millard, is a fugitive from the justice of the aforesaid state," etc.

[3, 4] Appellant contends that the warrant is void upon its face for want of a recital that the affidavit or verified complaint was made before a magistrate. There is nothing in the statutes prescribing the form or contents of the warrant, and the decided cases exhibit great diversity. For this jurisdiction, however, we think the rule established that such a warrant is aided by the presumption of official regularity, and under that presumption the warrant here is prima facie valid. Where there is no indictment, an essential condition precedent to the exercise of the power to extradite is an "affidavit made before a magistrate" of the demanding state. But equally essential is it that the person demanded be a "fugitive from justice," and in Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515, it is said:

"The issuing of the warrant by him [Governor of the asylum state], with or without a recital therein that the person demanded is a fugitive from justice, must be regarded as sufficient to justify the removal, until the presumption in favor of the legality and regularity of the warrant is overthrown by contrary proof in a legal proceeding to review the action of the Governor. Roberts v. Reilly, 116 U. S. 80, 95 [6 S. Ct. 291, 29 L. Ed. 544]; Hyatt v. Corkran, 188 U. S. 691 [23 S. Ct. 456, 47 L. Ed. 657]."

See, also, Reed v. U. S., 224 F. (C. C. A. 9th) 378, 381.

The further point that the warrant inadequately sets forth the elements of the offense charged is ruled by the same considerations.

At the hearing below there was introduced in evidence a file of papers, certified by the Governor of California as a full, true, and correct copy of the original record in his office. In this transcript are what purports to be a requisition by the Governor of Illinois, dated April 4, 1928, a petition therefor, signed by the state's attorney for Cook county, Chicago, Illinois, verified by the oath of one Leon E. Goetz, of date March 27, 1928, a "complaint for examination" in the municipal court of Chicago, sworn to by Goetz on March 23, 1928, before Matthew D. Hartigan, judge of the municipal court of. Chicago, to which is attached an order by Judge Hartigan reciting that he was satisfied "there is probable cause for filing the same," and granting leave to file it; also a warrant of the same date, issued by the clerk of that court, reciting the making of the complaint before Judge Hartigan and the filing of it, and further that the court had read the complaint and examined the complainant under oath, and directing the arrest of Elid Stanitch, alias S. S. Millard, the person charged in the complaint with the offense of the "confidence game." To the papers is attached a certificate authenticating the copies as being true copies of the complaint and warrant on file in the clerk's office, followed by a certificate by one signing as chief judge of the municipal court as to the official character of the person signing as clerk, and stating that his attestation is in due form of law and is by the proper officer. This certificate, in turn, is followed by a certificate, purporting to be made by the clerk, of the official character of the person signing as chief judge.

The "complaint for examination" thus referred to sets forth that "Elid Stanitch, alias S. S. Millard, did, on the 4th day of November, 1927, at the city of Chicago, county of Cook, state aforesaid [Illinois], feloniously and fraudulently obtain from U. S. Health Films, Inc., * * * the sum of twenty-five thousand ($25,000.00) dollars * * * by means and by use of the confidence game, with the felonious intent to then and there cheat the said corporation, in violation of section 98, par. 256, c. 38, R. S.," etc. The requisition refered to recites, inter alia, that "whereas it appears by the papers required by the statutes of the United States, which are hereunto annexed, and which I certify to be authentic and duly authenticated in accordance with the laws of this state, that Elid Stanitch, alias S. S. Millard, stands charged with the crime of confidence game," etc.

Upon this record, appellant further contends that the rendition warrant is void, because it nowhere appears that the requisite accusatory affidavit (the verified com-

plaint for examination) was in fact annexed to the requisition, and hence covered by the authentication contained therein. But we think by clear implication it appears to be one of the papers annexed. The requisition recites that there are annexed the papers required by the United States statutes, this is such a paper, and it is certified as one of the papers submitted to the Governor of California, and there is no intimation of the existence of any other paper of like character.

[5, 6] Nor do we think there is merit in a further contention of invalidity, based upon the fact that the two certificates hereinbefore referred to as the certificates of the clerk of the municipal court, though reciting that James E. Kearns is clerk, are each signed by Jeanne M. Wallace. Both certificates bear the seal of the court, and the chief judge certifies as to the first, which is in form like the second, that Kearns is the clerk, and that "his attestation is in due form of law and by the proper person." Presumably Jeanne M. Wallace was a deputy, authorized to execute such certificates on behalf of her principal. Besides, the federal statutes require only that the affidavit or complaint be authenticated by the Governor of the demanding state, and it is not for us to inquire upon what information he may have acted.

[7] There is an intricate argument to the effect that the affidavit was not in fact made before a magistrate. Conceding that Matthew D. Hartigan was a judge of the municipal court of Chicago, and that as such judge he had authority to administer the oath to Goetz, and that he did in fact take and certify the affidavit as the record shows, appellant contends that he was not a "magistrate," within the meaning of the federal statute, because the Illinois statutes, while conferring upon the municipal court jurisdiction of "all proceedings for the arrest, examination, commitment and bail of persons charged with criminal offenses," and directing that the practice therein shall be assimilated to that of like proceedings before justices of courts of record and justices of the peace, provide that the complaint shall be filed with the clerk, who, when so ordered by the court, shall issue a warrant, and that all proceedings in the case shall be proceedings in the court, instead of proceedings before a judge thereof, and all orders shall be orders of the court, to be entered in the records thereof. The reasoning is more ingenious than convincing. The statutes were substantially followed; the complaint was entitled in the court and was sworn to before a judge of the court, who thereupon ordered that it be filed with the clerk, and that a warrant issue thereon. Whether the court, technically speaking, or a judge thereof exercising its functions, is to be deemed the "magistrate," we need not stop to discuss. Clearly, it is thought, the affidavit or verified complaint was "made before a magistrate," within the meaning and intent of the federal statute.

[8] It is next objected that the complaint or affidavit is insufficient, for the reason that the Illinois statute requires that a complaint for preliminary examination shall contain, in addition to a concise statement of the offense and the name of the accused, an averment that the complainant has just and reasonable grounds to believe that such person committed the offense. Such language is not found in the complaint, but it goes further than is necessary, and charges directly and positively that appellant committed the offense—language manifestly stronger than that required by the statute.

[9] The Illinois statute upon which the complaint is predicated declares that "every person who shall obtain or attempt to obtain from any other person or persons, any money or property by means or use of any false or bogus checks, or by any other means, instrument, or device commonly called 'the confidence game' shall be" punished in the manner prescribed. Paragraph 98, c. 38, Criminal Code; Callahan's Ill. Stat. vol. 3, p. 2493. And it is urged that the complaint is insufficient, specifically for the reason that, while charging the use of "the confidence game," it fails to allege that the means employed is "commonly called" the confidence game. Were it not for a special act prescribing a form for pleading this particular offense, the complaint it may be conceded would be of doubtful sufficiency, even under the liberal rule prevailing in rendition proceedings. But the paragraph (99) immediately following the definition of the offense provides that "in every indictment under the preceding section it shall be deemed and held a sufficient description of the offense to charge that the accused did on, etc., unlawfully and feloniously obtain or attempt to obtain (as the case may be) from A B (here insert the name of the person defrauded or attempted to be defrauded) his money (or property in case it be not money) by

means and by use of the confidence game." This form has been held to be sufficient by the Supreme Court of the state (Morton v. People, 47 Ill. 468; Maxwell v. People, 158 Ill. 248, 41 N. E. 995), and with it the complaint here is substantially identical. True, the statute speaks of indictments, and in the cases cited the court was considering indictments; but, being a special statute, enacted together with a definition of the particular offense to which alone it relates, we think it may very well be construed as establishing a standard for pleading the charge, whether in an indictment or a complaint for examination.

[10] However that may be, a charge (assuming that it meets the requirements of fundamental law) which the Legislature and the courts of the demanding state have declared to be sufficient for the purpose of indictment should be held a sufficient "charge of the crime" for rendition purposes, even though such description may fall short of the details required by the state statutes for complaints or for other purposes. The reported cases upon the general subject are not in complete harmony, but our conclusion is thought to be a fair deduction from the decisions of the United States Supreme Court. It will suffice to cite two: Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 52 L. Ed. 1113, and Pearce v. Texas, 155 U. S. 311, 15 S. Ct. 116, 39 L. Ed. 164. The former clearly confirms the rule that in rendition proceedings objections to the sufficiency of the charge must "reach deeper into the indictment than those which would be good against it in the court where it is pending," and quotes from In re Strauss, 197 U. S. 331, 25 S. Ct. 537, 49 L. Ed. 774, where it is said: "Doubtless the word 'charged' was used in its broad signification to cover any proceeding which a State might see fit to adopt, by which a formal accusation was made against an alleged criminal."

In the latter case the indictments involved were in substantial conformity with the statutes of the demanding state, but exhibited neither the time nor the place of the alleged offense—averments ordinarily thought essential. The courts of the asylum state declined to interfere with the execution of the rendition warrant, and their judgment was affirmed in the Supreme Court.

[11] Under the doctrine of this latter case, we must also rule against appellant on his further contention that the Illinois statute, defining the offense with which he is charged, is unconstitutional. Its validity has been sustained by the Supreme Court of Illinois. People v. Bertsche, 265 Ill. 272, 106 N. E. 823, Ann. Cas. 1916A, 729; Morton v. People, supra; Maxwell v. People, supra. At most, the question is only debatable, and is therefore primarily for the court having jurisdiction of the charge. If there denied any constitutional right, appellant may, as was said in the Pearce-Texas Case, supra, seek his remedy in the United States Supreme Court. To recognize his right to have the question decided here would, as is said in the Pierce-Creecy Case, supra, "impose upon courts, in the trial of writs of habeas corpus, the duty of a critical examination of the laws of states, with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, irritable to the just pride of the states, and fruitful of miscarriages of justice." See, also, Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302; In re Strauss, 197 U. S. 324, 332, 333, 25 S. Ct. 535, 49 L. Ed. 774.

[12] The court below was right in declining to receive evidence offered by appellant which had a tendency only to show that there was no valid basis for a criminal charge, and that complainant's motives were extortion and revenge. Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515; Appleyard v. Mass., 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161; McNichols v. Pease, 207 U. S. 100, 28 S. Ct. 58, 52 L. Ed. 121; Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302; Biddinger v. Commissioner of Police, 245 U. S. 128, 38 S. Ct. 41, 62 L. Ed. 193; Glass v. Becker (C. C. A.) 25 F.(2d) 929.

Other contentions we have considered, but have not found in them sufficient merit to warrant discussion.

Judgment affirmed.