Leona WEBER, in behalf of John R. Zimmerman and Billie Zimmerman, Petitioner-Appellant,

v.

Rudy GARZA, U. S. Marshall, Respondent-Appellee.

No. 78–1149.

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1978.

Leona Weber pro se.

Jamie C. Boyd, U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

## ORDER

■ The present filing, a self-styled "AP-PEAL—PETITION FOR WRITS OF HABEAS CORPUS," purports to be an appeal by Leona Weber, Appellant-petitioner, in behalf of John R. Zimmerman and Billie Zimmerman from a November 7, 1977, Order entered in the United States District Court for the Western District of Texas. We dismiss the "appeal-petition."[1]

This "appeal-petition" involves the third of five petitions for a writ of habeas corpus, noted by this Court in *Zimmerman v. Spears*, 565 F.2d 310, 315–16 (5th Cir. 1977):

A third petition for a writ of habeas corpus was made to Chief Judge Brown, initially. Chief Judge Brown forwarded this petition to the Clerk of the United States District Court, Southern District of Texas 'for appropriate action.' The papers contained the petition and affidavit of Leona Weber, purporting to act on behalf of the Zimmermans, and the powers of attorney signed by the Zimmermans. It was entitled 'Second Application to Circuit Judge John R. Brown, individually and as a Judge who is a Circuit judge of the United States Court of Appeals for the Fifth Circuit, for the

---

1. The "MOTION FOR FOLLOWING CIRCUIT JUDGES TO RECUSE THEMSELVES FROM THIS ACTION" is denied. The motion urges the recusal of eight judges of this Court, including all on the present panel, in conjunction with Appellant-petitioner's Certificate under Local Rule 13(a), 5th Cir. Rules "because of their previous association in other civil cases involving the same parties and issues of this case." For purposes of recusal, it is insufficient to allege, without more, that a judge is familiar with the factual and procedural background of a case by reason of having served as a judge in previous related cases. 28 U.S.C.A. § 455. *See Smith v. United States*, 360 F.2d 590 (5th Cir. 1966).

writ of habeas corpus, pursuant to Article 1, Section 9, United States Constitution, and Title 28 U.S.C. Sections 2241–2254.' On November 7, 1977, Judge Spears ordered that since Leona Weber had not been admitted to practice law her affidavit could not be filed. Chief Judge Spears did order the Clerk to file the powers of attorney. A similar order was entered on October 17, 1977, regarding the affidavit of C. W. Steinbrecher. The pertinent principles of law concerning lay representation and their application to the facts here are clear and require no further discussion on our part. There was no notice of appeal filed from that order.

Leona Weber attempted to file a Notice of Appeal from the November 7, 1977, Order by letter dated January 5, 1978. The deputy clerk of the district court refused to file the Notice of Appeal citing this Court's opinion, quoted above, and the November 7, 1977, Order itself, which states, in part:

> [T]he Clerk is directed to refuse to file the affidavit of Leona Weber, since her name does not appear on the rolls of those admitted to practice in this Court, and it does not appear that such individual is an attorney authorized to practice law in this state. However, while the Clerk is authorized to file the powers of attorney signed by John R. Zimmerman and Billie Zimmerman on the 4th day of October, it should be clearly understood that this Court does not at this time recognize or accept Leona Weber as the true and lawful attorney to act for either of them in compiling, signing and filing court documents of any kind or character whatsoever.

Thus, this "appeal-petition" raises the issue whether the district court was correct to refuse to allow Leona Weber to file a petition for habeas corpus relief on behalf of the Zimmermans.[2]

Title 28, United States Code, Section 2242 provides, in part, that "[an] application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" (emphasis supplied) The words "or by someone acting in his behalf" were added to the statute to be consistent with the actual practice of the courts. *See Collins v. Traeger,* 27 F.2d 842 (9th Cir. 1928); *United States ex rel. Funaro v. Watchorn,* 164 F. 152 (C.C.S.D.N.Y. 1908). The actual practice of entertaining such so-called "next friend" applications, while not common, may occasionally be useful or even necessary. *See, e. g., United States ex rel. Toth v. Quarles,* 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955). However, a "next friend" may not file a petition in every case in which the person actually detained might file a petition. Over the years, a small body of case law has developed around the question of when a "next friend" application is appropriate. Three principles, which control the resolution of the issue raised here, can be distilled from the precedents.[3] First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and inter-

---

**2.** We do not decide whether Leona Weber's persistence in the unauthorized practice of law, in the face of repeated clear warnings, can be deemed contempt. That determination, in the first instance, is properly for the district court judge who is more fully familiar with the "procedural plethora" which surrounds the Zimmermans and Leona Weber.

**3.** *Wilson v. Dixon,* 256 F.2d 536 (9th Cir. 1958). *See also Gusman v. Marrero,* 180 U.S. 81, 87, 21 S.Ct. 293, 45 L.Ed. 436 (1900); *Johnson v. Avery,* 382 F.2d 353 (6th Cir. 1967), *rev'd on other grounds,* 393 U.S. 483, 89 S.Ct. 747, 21

L.Ed.2d 718 (1969); *Sisquoc Ranch Co. v. Roth,* 153 F.2d 437 (9th Cir. 1946); *Collins v. Traeger, supra; United States ex rel. Bryant v. Houston,* 273 F. 915 (2d Cir. 1921); *United States ex rel. Funaro v. Watchorn, supra; In re Chavez,* 72 F. 1006 (C.C.S.D.Cal.1896); *In re Craig,* 70 F. 969 (C.C.D.Kan.1895); *United States ex rel. Smith v. Warden,* 87 F.Supp. 339 (E.D.Pa.1949); *United States ex rel. Wheeler v. Williamson,* 28 F. Cas. 686 (E.D.Pa.1855) (No. 16,726). *See generally* Sokol, Federal Habeas Corpus § 5.1 (2d ed. 1969).

est of the would be "next-friend." Second, individuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition.

■ Our review of the "SECOND APPLICATION TO CIRCUIT JUDGE JOHN R. BROWN, INDIVIDUALLY AS A JUDGE, WHO IS A CIRCUIT JUDGE OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, FOR THE WRIT OF HABEAS CORPUS, PURSUANT TO ARTICLE 1 SECTION 9, U. S. CONSTITUTION, AND TITLE 28 U.S.C., SECTIONS 2241–2554 [2254]," the Order appealed from, the "appeal-petition" of Le-

ona Weber, and the appendix leads us to conclude that the district court was correct to refuse to file Leona Weber's application. The application did not establish any reason or explanation of the necessity for resort to the "next friend" device, and none appears on the record. Here the requisite showing of a need for a "next friend" is lacking; the powers of attorney, executed by the Zimmermans, cannot alone transform Leona Weber into a "next friend."[4]

Since she has not qualified as a "next friend," Leona Weber may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law. The powers of attorney executed by the Zimmermans do not invest her with such authority. The Zimmermans are not entitled to have an unlicensed lay person represent them either in the district court or here.[5] Since we have concluded that Leona Weber has not qualified as a "next friend" and since she is not authorized to practice law, this "appeal-petition" is

DISMISSED.[6]

---

4. In *United States ex rel. Bryant v. Houston,* *supra* at 916, the court explained:

> [I]t was not intended that a writ of habeas corpus should be allowed on the application of any person whomsoever without explanation as to why the complaint was not signed 'by the person for whose relief' the writ 'is intended.'
>
> The practice of a next friend applying for a writ is ancient and fully accepted. There are many instances and circumstances under which it may not be possible nor feasible that the detained person shall sign and verify the complaint. Inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of the proper use of the 'next friend' application.
>
> . . . .
>
> But the complaint must set forth some reason or explanation satisfactory to the court showing why the detained person does not sign and verify the complaint and who 'the next friend' is. It was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends. (citations omitted).

5. *United States v. Arlt,* 560 F.2d 200 (5th Cir. 1977); *United States v. Cooper,* 493 F.2d 473 (5th Cir.), *cert. denied.* 419 U.S. 859, 95 S.Ct. 108, 42 L.Ed.2d 93 (1974); *Lepiscopo v. United States,* 469 F.2d 650 (5th Cir. 1972); *Massimo v. Henderson,* 468 F.2d 1209 (5th Cir. 1972); *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970). *See also United States v. Jordan,* 508 F.2d 750 (7th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975); *Ginger v. Cohn,* 426 F.2d 1385 (6th Cir. 1970); *Turner v. American Bar Ass'n,* 407 F.Supp. 451 (W.D. Wis.1975), *aff'd,* 539 F.2d 715 (7th Cir. 1976); *United States v. Corrigan,* 401 F.Supp. 795 (D.Wyo.1975), *rev'd on other grounds,* 548 F.2d 879 (10th Cir. 1977); *Rizzo v. Zubrik,* 391 F.Supp. 1058 (N.D.N.Y.1975).

6. The applicable rules of appellate procedure contemplate that briefs be signed and filed by either the *pro se* party or an attorney, appointed or retained, but not by a third person non-attorney. *See* Fed.R.App.P. 24(c), 25(b), 30, 46; Rules 5, 7, 5th Cir. *See also* 28 U.S.C.A. §§ 1654, 1915. *See generally* cases cited in note 5, *supra.* The Zimmermans are not, in any way, deprived of habeas corpus relief by this disposition. The district court Order appealed from states:

Although this Court will not authorize the Clerk to file the 'Second Application' tendered herein,[1] nothing herein shall prohibit the petitioners from filing further papers *pro se,* or through an attorney duly authorized to practice in this Court, and petitioners are again reminded that if they are financially unable to employ counsel of their choice, the Court still stands ready to appoint competent counsel to represent them.

[1] In addition to everything else mentioned in this order is the fact that the petition was submitted without the necessary filing fee, and there was no *forma pauperis* affidavit accompanying it.