Harvey and Rebecca RUMBAUGH, Individually, and as Next Friends acting on Behalf of Charles RUMBAUGH, Petitioners-Appellants,

v.

Dan V. McKASKLE, Acting Director, Texas Department of Corrections, Defendant-Appellee.

No. 83–1161.

United States Court of Appeals, Fifth Circuit.

April 20, 1984.

**292**

Will Gray, Carolyn Garcia, Houston, Tex., for Harvey and Rebecca Rumbaugh.

Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, GOLDBERG and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Presently pending before this court is the appeal of Harvey and Rebecca Rumbaugh from the decision of the district court, *Rumbaugh v. Estelle*, 558 F.Supp. 651 (N.D.Tex.1983), which denied their application to present a next friend petition for a writ of habeas corpus on behalf of their son, Charles Rumbaugh, a death-sentenced state prisoner. Charles Rumbaugh refused to seek federal habeas review of his conviction and sentence and he has resisted the efforts of his parents to act on his behalf. Harvey and Rebecca Rumbaugh contend that their son lacks the mental competence to waive his legal rights, and they maintain that he lacks the competence to decide whether to pursue or waive the benefits of 28 U.S.C. § 2254.

### The Background

The trial court committed Charles Rumbaugh to the federal prison in Springfield, Missouri, under the authority of 18 U.S.C. §§ 4241–45, "to determine whether [he] has the capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand, whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises."

After the examination the district court held a hearing and received conflicting expert testimony. The court continued the hearing and directed that the psychiatrist from the Springfield facility be summoned to testify in person to expand and explain his written reports. At the conclusion of the hearing, dramatically highlighted by Charles Rumbaugh's effort to force the United States Marshal to shoot him to death in the courtroom, the district judge found "that Charles Rumbaugh has a realistic understanding of his present position and of the choices available to him, and that he is mentally competent to make a rational choice with respect to continuing or abandoning further litigation."

Having reached that conclusion, the district court held that Harvey and Rebecca Rumbaugh lacked standing to pursue habeas relief for Charles Rumbaugh. The district court accordingly dismissed their petition and issued a certificate of probable cause for appeal.

On appeal, the essential contention of the petitioners is that because of his mental condition their son cannot make a rational choice to continue or abandon legal proceedings. The gravamen of the medical opinion in support of petitioners' position is that Charles Rumbaugh is not able to countenance the delay inherent in the continuation of legal proceedings and the possible conversion of his death sentence to life imprisonment. It is suggested that he does not have the mental capability to elect to continue further judicial examination of his conviction. That is the issue on appeal.

The court is now informed that Charles Rumbaugh has filed a *pro se* Application for Writ of Habeas Corpus in the state district court in Potter County, Texas. Upon filing this application, Charles Rumbaugh asked the state district judge to inform this court of his action. At the threshold we must consider the effect of that application on the pending appeal.

### The Order

■ The unusual circumstances of this case require that we fashion a special order, using the authority granted by 28 U.S.C. § 2106.[1] We are cognizant that the Texas courts will decline to address a petition for writ of habeas corpus when the petitioner has a writ application pending in federal court. *Ex Parte McNeil*, 588 S.W.2d 592, 593 (Tex.Cr.App.1979); *Ex Parte Green*, 548 S.W.2d 914 (Tex.Cr.App. 1977). Charles Rumbaugh has no pending federal application. The question before us is whether we should permit his parents to act in his stead and present such an application to the district court. To date he has vigorously resisted those efforts.

If Charles Rumbaugh is incompetent to waive his right to federal habeas review, his parents have standing to evoke a next friend proceeding. *Gilmore v. Utah*, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976) (Burger, C.J., concurring), *citing Rosenberg v. United States*, 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607 (1953); *Hays v. Murphy*, 663 F.2d 1004 (10th Cir.1981); *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978). *See also Lenhard v. Wolf*, 444 U.S. 1301, 100 S.Ct. 241, 62 L.Ed.2d 11 (1979) (in-chambers opinion of Rehnquist, J.); *Evans v. Bennett*, 440 U.S. 1301, 99 S.Ct. 1481, 59 L.Ed.2d 756 (1979) (in-chambers opinion of Rehnquist, J.). The recently filed *pro se* application of Charles Rumbaugh dramatically impacts on the issue before us, specifically, whether he has competence to make a rational choice to either pursue or abandon further judicial review. The state filing mandates a deferral of our decision.

■ To date the processing of the application of Harvey and Rebecca Rumbaugh has been time-consuming, costly, and exacting. The interests of judicial economy dictate that we avoid any unnecessary repetition of that which has been done previously, at both the trial and appellate level. To that end, we remand this case to the United States District Court for the Northern District of Texas with instructions to monitor the progress of the state habeas corpus proceedings initiated by Charles Rumbaugh. All counsel in this case are directed to keep the district court fully informed of the progress of that suit.

The district court is to advise this court of the final disposition of Rumbaugh's state habeas petition. Should any act or omission by Charles Rumbaugh result in a conclusion of that state habeas suit without an adjudication on the merits, the district court is instructed to return the record to this court for further disposition by this panel. Should that occur, no further notice of appeal will be required and no further filings or briefings will be necessary unless directed by this court. And in that event, this panel will address and promptly resolve the issue posed by the appeal of Harvey and Rebecca Rumbaugh.

Specially REMANDED with instructions.

---

**1.** 28 U.S.C. § 2106 provides:
  The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.