**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

BOBBY JOE WILLIAMS,

    Petitioner-Appellant,

v.

BOBBY BOONE; ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

    Respondents-Appellees.

No. 98-6357
(W.D. Okla.)
(D.Ct. No. CV-98-843-C)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Bobby Joe Williams, a pro se state inmate together with a "next friend," appeals the district court's denial of his habeas petition, filed pursuant to 28 U.S.C. § 2254. The district court denied habeas relief after finding Mr. Williams' petition time-barred under the Anti-Terrorism and Effective Death Penalty Act. We deny Mr. Williams' request for a certificate of appealability, and dismiss his appeal.

I. Background

On June 12, 1974, Mr. Williams received a sentence of ten years to life in prison following his guilty plea to second degree murder. He did not file a direct appeal. Thus, his conviction became final on June 22, 1974.

Years later, Mr. Williams filed his first application for post-conviction relief with the trial court on April 21, 1997. After the trial court denied Mr. Williams post-conviction relief, he appealed to the Oklahoma Court of Criminal Appeals, and that court affirmed the trial court's decision on September 19, 1997. Prior to disposition of that appeal, Mr. Williams filed with the trial court a motion to set aside its order denying him post-conviction relief and an amended application for post-conviction relief. The trial court denied relief, and on February 24, 1998, the Oklahoma Court of Criminal Appeals affirmed the trial

court's decision.  On June 16, 1998, Mr. Williams filed his § 2254 petition for habeas relief.

The federal district court referred Mr. Williams' § 2254 petition to a magistrate judge who issued a Report and Recommendation.  The magistrate judge raised the issue of the timeliness of Mr. Williams' petition *sua sponte*.  Because Mr. Williams' conviction became final before enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, the magistrate judge applied 28 U.S.C. § 2244(d)(1) in determining the limitation period for filing his habeas petition began on April 24, 1996, and extended for one year, ending April 23, 1997.  Applying § 2244(d)(2), the magistrate judge determined Mr. Williams' post-conviction proceedings tolled the limitation period.  Hence, Mr. Williams' post-conviction application filed on April 20, 1997 – three days prior to the filing deadline – tolled the limitation period until February 24, 1998, when the Oklahoma Court of Criminal Appeals denied his last request for post-conviction relief.  The magistrate judge concluded Mr. Williams' deadline for filing his habeas petition ended three days later, on February 27, 1998.  Because Mr. Williams did not file his § 2254 petition until June 16, 1998, the magistrate judge found his petition untimely and recommended dismissing his petition.

In recommending denial of Mr. Williams' petition, the magistrate judge carefully considered Mr. Williams' argument that the district court should excuse his untimely filing.[1]  In support of his claims of excusable delay, Mr. Williams claims the trial court failed to:  (1) ask if he wanted to pursue an appeal; (2) grant his motion for contempt (which allegedly impeded his efforts to obtain records for review); and (3) make an appropriate inquiry about his competency prior to accepting his guilty plea, in violation of his due process rights.  Mr. Williams also contends his counsel failed to inform the trial court of a separate case in which his competency was at issue.

In rejecting these contentions, the magistrate judge found that although the trial court had no constitutional obligation to inform Mr. Williams of his limited right to appeal his guilty plea, it nevertheless did inform him of his right to appeal his conviction.  He next found the trial court properly denied Mr. Williams' contempt motion because he erroneously requested records for another case already dismissed with prejudice, making the case and his request for documents moot.

---

[1]  Because he found Mr. Williams' petition time-barred, the magistrate judge did not address the merits of Mr. Williams' petition.

The magistrate judge construed Mr. Williams' claim of mental incompetence liberally but rejected Mr. Williams' claim that the trial court failed to inquiry about his competency prior to accepting his guilty plea. The magistrate judge was unpersuaded by Mr. Williams' contention that an Army psychiatrist's one time supervision and care after an attempted suicide supported his claim of a history of mental illness and disease. The magistrate judge found this conclusory allegation failed to establish facts sufficient to carry his burden of showing a real and legitimate doubt as to his mental capacity. The magistrate judge also noted the trial court had an opportunity to observe Mr. Williams during a three day trial prior to entry of his guilty plea.

Mr. Williams filed a timely objection to the magistrate judge's Report and Recommendation arguing the trial court never informed him of his appeal rights. He also provided an affidavit stating an inmate improperly advised him of the one year filing time. Mr. Douglas C. Shaffer, as "next friend" also filed an affidavit complaining the Department of Corrections failed to properly train its legal assistants regarding the time requirements dictated by the Anti-Terrorism and Effective Death Penalty Act. He states he and other legal research assistants "erroneously decided that Petitioners had one (1) year from the resolution of State collateral proceedings to file their claims in Federal Court." Mr. Shaffer

discloses he "took over the preparation and Next Friend Status for Mr. Williams while being over burdened with a large then current case load." Mr. Shaffer also admitted that "[b]ecause of this case load it was [his] fault ... that [Mr. Williams'] pleadings were not prepared or filed prior to June 16, 1998."

The district court, finding Mr. Williams' arguments insufficient to toll the statue of limitations or relieve him from its effect, adopted the magistrate judge's report and recommendation, dismissed the petition as untimely, and denied Mr. Williams a certificate of appealability.

## II. Discussion

### A. Late Filing

On appeal, Mr. Williams raises essentially the same arguments raised in his petition. He also complains the district court erroneously dismissed his petition *sua sponte* as untimely and "ignored the tendered authority of *Sandin v. Connor*,[2] and the facts as argued by the Petitioner." He asks that the tolling provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 be applied to the period from June 22, 1974 until March 14, 1975 in which

---

[2] *Sandin v. Conner*, 515 U.S. 472 (1995).

authorities denied him access to certain documents. He also renews the argument contained in Mr. Shaffer's affidavit that the Department of Corrections failed to adequately train inmate law clerks regarding the filing deadlines imposed under the Anti-Terrorism and Effective Death Penalty Act, which allegedly prevented him meeting the Act's filing deadline.

We review the legal bases for the district court's dismissal of Mr. Williams' § 2254 petition *de novo*. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). Applying this standard, we agree with the district court that Mr. Williams' § 2254 petition is untimely and barred by the provisions of § 2244(d)(1) and (2). The computations made by the magistrate judge correctly demonstrate Mr. Williams' filing deadline, which ended April 23, 1997, became tolled by his state post-conviction proceedings, which began April 20, 1997 and ended February 24, 1998. Hence, the three days remaining from April 20 to April 23, 1998, extended the time for filing his petition an additional three days, to February 27, 1998. However, Mr. Williams did not file his § 2254 petition until June 16, 1998, well after the February 27, 1998 deadline. Contrary to Mr. Williams' contentions, the district court did not err in denying *sua sponte* his petition as untimely. *See Hardiman v. Reynolds*, 971 F.2d 500, 502-04 (10th Cir. 1992).

We also reject Mr. Williams' allegation that inadequate training of inmate law clerks prevented the timely filing of his petition. While Mr. Shaffer suggests he and other inmate law clerks erroneously believed the filing deadline ran one year after post-conviction proceedings ended, this court in an April 1997 decision clearly established the applicable deadline. In *United States v. Simmonds*, 111 F.3d 737, 744-46 (10th Cir. 1997), we determined that for prisoners whose convictions became final before April 24, 1996, the one-year statue of limitations begins to run April 24, 1996. For the purposes of tolling that limitation, 28 U.S.C. § 2244(d)(2), clearly states: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation* under this subsection." (Emphasis added.) This authority existed for review at the time Mr. Williams' limitation period began to run. Mr. Williams does not claim he or other inmates were denied access to this or other applicable case law or statutes. Moreover, because there is no right to legal counsel in collateral proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), poor advice about such proceedings from an inmate law clerk will not establish Mr. Williams' claim of "cause" for his failure to timely file his petition. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990). Thus, Mr. Williams' pro se status, unfamiliarity with the law, and reliance on

incompetent "jail house lawyers" is insufficient cause to excuse his default. *Id.*

*See, e.g., Rodriguez v. Maynard*, 948 F.2d 684, 687 (10th Cir. 1991) (cause and prejudice standard applies to pro se prisoner's lack of awareness and training on legal issues); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (cause not shown by petitioner's reliance on incompetent "jailhouse lawyers"); *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992) (actual knowledge of legal issues not required by pro se petitioner ). Moreover, Mr. Shaffer admits responsibility for the late filing of Mr. Williams' pleadings based on his "case load," rather than solely on any confusion about the filing deadline.

As to the retroactivity of the one-year limitation to events occurring from 1974 to 1975, we find the tolling provisions of § 2244(d)(2) of the Anti-Terrorism and Effective Death Penalty Act of 1996 do not apply to events occurring over twenty years ago. Rather, for prisoners whose convictions became final prior to April 24, 1996, the tolling provisions apply only from April 24, 1996 until the time at which any post-conviction proceeding is completed. *See* 28 U.S.C. § 2244(d); *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998).

We also considered Mr. Williams' other contentions for excusing his untimely filing. We reject them for the same reasons articulated in the magistrate

judge's June 22, 1998 Report and Recommendation and the district court's August 14, 1998 Order. In addition, after a thorough review of *Sandin v. Conner*, 515 U.S. 472 (1995), a case Mr. Williams relied on extensively, we find nothing therein to excuse his late filing or persuade us he timely filed his petition. For these reasons, Mr. Williams fails to establish "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

B. "Next Friend" Filing

Mr. Williams' § 2254 petition, his other pleadings, and his appeal are signed by Mr. Williams and Doug C. Shaffer, as "next friend." The first paragraph in Mr. Williams' brief in support of his petition and his brief in support of his appeal begin with the following introduction: "Comes Now the Petitioner, Bobby Joe Williams, appearing through his next friend, Douglas C. Shaffer (an Inmate Legal Research Assistant)." Hence, Mr. Shaffer is filing all pleadings on behalf of Mr. Williams as "next friend," even though Mr. Williams signed the pleadings.

Congress codified the concept of allowing "next friend" standing in habeas corpus proceedings by enacting 28 U.S.C. § 2242. That section states an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified

by the person for whose relief it is intended *or by someone acting in his behalf.*"

28 U.S.C. § 2242 (emphasis added).  In habeas proceedings, "'next friends'

appear in court on behalf of detained prisoners who are unable, usually because of

mental incompetence or inaccessibility, to seek relief themselves."  *Whitmore v.*

*Arkansas*, 495 U.S. 149, 162 (1990).  *See also Hays v. Murphy*, 663 F.2d 1004,

1008-09 (10th Cir. 1981).  "A 'next friend' does not himself become a party to

the habeas corpus action in which he participates, but simply pursues the cause on

behalf of the detained person, who remains the real party in interest."  *Whitmore,*

495 U.S. at 163.


The Supreme Court, in *Whitmore v. Arkansas*, provides the following

discussion on the criteria for allowing "next friend" standing in habeas corpus

proceedings:

> "[N]ext friend" standing is by no means granted automatically to
> whomever seeks to pursue an action on behalf of another.   Decisions
> applying the habeas corpus statute have adhered to at least two firmly
> rooted prerequisites for "next friend" standing.  First a "next friend"
> must provide an adequate explanation – such as inaccessibility,
> mental incompetence or other disability – why the real party in
> interest cannot appear on his own behalf to prosecute the action ....
> Second, the "next friend" must be truly dedicated to the best interest
> of the person on whose behalf he seeks to litigate ... and it has been
> further suggested that a "next friend" must have some significant
> relationship with the real party in interest.

495 U.S. at 163-64.  The Supreme Court instructs that "the burden is on the 'next

friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Hence, a habeas petition must set forth some reason or explanation for the necessity of resorting to the use of a "next friend." *See Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978). A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition. *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. denied*, 495 U.S. 923 (1990). Consequently, a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, "'the court is without jurisdiction to consider the petition.'" *Id.* (quoting *Weber*, 570 F.2d at 514). *See also Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998); *Calderon v. United States District Court*, 127 F.3d 782, 786 (9th Cir. 1997), *cert. denied*, 119 S. Ct. 451 (1998); *In re Zettlemoyer*, 53 F.3d 24, 27 (3d Cir.) *cert. denied*, 514 U.S. 1104 (1995); *Lonchar v. Zant*, 978 F.2d 637, 640-41 (11th Cir. 1992), *cert. denied*, 507 U.S. 956 (1993).

In this case, Mr. Shaffer does not attempt to explain the reason for his "next friend" status. Although incompetency is alleged for the purpose of

excusing Mr. Williams' guilty plea, it is not used for the purpose of explaining

Mr. Shaffer's "next friend" appearance. Moreover, Mr. Williams himself signed,

and thereby verified, the pleadings. Consequently, the requisite showing for a

need for a "next friend" is lacking.

Since Mr. Shaffer does not qualify as a "next friend," as a lay person he

may not participate in the unauthorized practice of law by filing petitions and

briefs on behalf of another in violation of state and federal provisions governing

the practice of law. *See, e.g., Weber,* 570 F.2d at 514. In other words, Mr.

Shaffer may not use "next friend" status to sign and file pleadings on behalf of

another in an attempt to vest himself with the powers afforded an attorney.

Similarly, Mr. Williams is not entitled to have an unlicensed lay person

"represent" him in either the district court or on appeal.[3] *Id.*

---

[3] This prohibition does not prevent inmates from *assisting* other prisoners in preparation of petitioners for post-conviction relief, in the context sanctioned by the Supreme Court in *Johnson v. Avery*, 393 U.S. 483, 490 (1969) (emphasis added).

We deny Mr. Williams' request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge