[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10217
Non-Argument Calendar

_____

D. C. Docket No. 06-02270-CV-T-26-MAP

HENRY FRANCIS, Next of friend, Jacqueline Dennis,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 28, 2007)**

Before DUBINA, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Henry Francis, proceeding <u>pro se</u>, appeals the district court's denial of his

Fed.R.Civ.P. 60(b) motion, which requested relief from the § 2241 petition that Jacqueline Dennis brought on his behalf without his permission.[1]

We review the district court's order on a Rule 60(b) motion for an abuse of discretion. Willard v. Fairfield S. Co., Inc., 472 F.3d 817, 821 (11th Cir. 2006). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. A district court may also abuse its discretion by applying the law in an unreasonable or incorrect manner." Klay v. Humana, Inc., 382 F.3d 1241, 1251 (11th Cir. 2004). We can also find an abuse of discretion where the district court had made a clear error of judgment. Amlong & Amlong, P.A. v, Denny's, Inc., 457 F.3d 1180, 1188 (11th Cir. 2006). In relevant part, Rule 60(b) provides that,

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (4) the judgment is void . . . or (6) any other reason justifying relief from the operation of the judgment.

---

[1]Francis also argues that the district court abused its discretion by dismissing his motion for leave to proceed on appeal in forma pauperis ("IFP"). However, the district court's order denying Francis's motion for leave to proceed on appeal IFP is a non-appealable final order, and the proper avenue for "review"of such an order is by motion to this Court. See Fed.R.App.P. 24(a)(5) and Advisory Comm. Note (1967) ¶3 (stating that the rule concerning IFP "establishes a subsequent motion in the court of appeals, rather than an appeal . . . as the proper procedure for calling into question the correctness of the action of the district court"). Francis filed a motion for leave to procced on appeal IFP with this Court, which was granted. Therefore, we need not address Francis's argument that the district court erred by denying his IFP motion.

We have held that the successive writ rule bars claims raised in a § 2241 petition that have been litigated and adjudicated in a petitioner's prior habeas proceedings. Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990); see 28 U.S.C. § 2244(a).

Under 28 U.S.C. § 2242, an "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." In habeas corpus cases, we permit a "next friend" to proceed on behalf of a prisoner who is unable to seek relief himself. Ford v. Haley, 195 F.3d 603, 624 (11th Cir. 1999). The Supreme Court has stated that decisions applying the habeas corpus statute have adhered to at least the following prerequisites for such "next friend" standing:

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Whitmore v. Arkansas, 495 U.S. 149, 163, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990) (citations omitted) (addressing an individual's "next friend" status in the context of an appeal); see Lonchar v. Zant, 978 F.2d 637, 641 (11th Cir. 1992) (holding that the prerequisites discussed in Whitmore apply where a "next friend" seeks a writ of habeas corpus on someone's behalf). Absent "next friend" status,

3

an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition. Whitmore, 495 U.S. at 155-56, 163, 110 S.Ct. at 1722-23, 1727.

We have held that a district court properly refused to file a habeas application that was filed by a "next friend" where the application did not establish any reason or explanation of why it was necessary to resort to the "next friend" device, and no such reason or explanation appeared in the record. Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978). Furthermore, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Whitmore, 495 U.S. at 164, 110 S.Ct. at 1727. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Contrary to the government's contention that Dennis could not represent Francis because she is not an attorney, she could have had standing as a "next friend." See Whitmore, 495 U.S. at 163, 110 S.Ct. at 1727. Furthermore, while the government claims that Francis was not prejudiced by any error, the dismissal of the present § 2241 petition brought in Francis's name could bar him from reraising any of the claims in the petition. See Glumb, 891 F.2d at 873; see also 28

4

U.S.C. § 2244(a). However, without "next friend" status, Dennis lacked standing under Article III to file the § 2241 petition, thus stripping the district court of jurisdiction over the petition. Whitmore, 495 U.S. at 155-56, 163, 110 S.Ct. at 1722-23, 1727; Weber, 572 F.2d at 514.

Here, Dennis did not satisfy her burden of establishing that she was entitled to "next friend" status. Whitmore, 495 U.S. at 164, 110 S.Ct. at 1727. The § 2241 petition did not explain why it was necessary for Dennis to submit the petition as a "next friend," as it only stated that Dennis was Francis's husband and that he was unable to initiate the petition from prison. The petition provided no reasons in support of this blanket assertion, and there is no reason to think that Francis's incarceration alone would prevent him from filing a § 2241 petition on his own behalf. Therefore, because the § 2241 petition does not explain Francis's alleged inability to prosecute the action on his own behalf, Dennis lacked standing to file the petition, and the district court should have refused to file it. See id.; Weber, 570 F.2d at 514. Accordingly, the district court abused its discretion in denying Francis's Rule 60(b) motion, which requested that he not be held accountable for the § 2241 petition that he neither filed nor authorized to be filed on his behalf, because Dennis did not have standing to file the § 2241 petition. See Amlong & Amlong, 457 F.3d at 1188; Klay, 382 F.3d at 1251. We vacate the district court's

5

order denying Francis's Rule 60(b) motion and remand the case for the district court to grant the Rule 60(b) motion and insure that Francis is not prejudiced by the dismissal of the improperly filed § 2241 petition.

**VACATED AND REMANDED.**