Matthew **MASSIMO** and on the behalf of F. L. (Frank) Jones, and Robert Meyer, Petitioners-Appellants,

v.

The Warden, J. D. **HENDERSON**, et al., of the U. S. Penitentiary, Atlanta, Georgia, Respondents-Appellees.

No. 72-2601.

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1972.

**1210**

against any future use of the solitary confinement cells known as "sidepockets." He alleged that he and the two inmates were placed in the "sidepockets" for being uncooperative. He complained that these cells are not provided with water for drinking or bathing; the cells are without light, some without ventilation, and all are excessively hot (above 100°); and that while in solitary confinement they were denied their request for writing materials to complain of those conditions to the courts. The district court dismissed the complaint finding that appellant "is not admitted to the practice of law before this court and does not allege that he is at all involved in the action or otherwise justify his standing to bring such an action."

██ ██ Although the district court was correct in holding that appellant is not qualified to file an action for the release of his fellow inmates from solitary confinement, the court was clearly erroneous in finding that appellant did not allege that he is involved in the action. Appellant clearly stated that he seeks to enjoin future use of the "sidepockets" in their allegedly unconstitutional conditions. These alleged conditions raise sufficient constitutional issues requiring inquiry to determine their accuracy. Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652; Cruz v. Beto, 1972, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263; Simon v. Wainwright, 5th Cir. 1972, 464 F.2d 1038 [1972]; Williams v. Wainwright, 5th Cir. 1972, 461 F.2d 1080. We therefore affirm the dismissal of that aspect of the appellant's complaint seeking relief in behalf of his fellow inmates and vacate and remand for a factual determination as to whether the further use of the "sidepockets" is violative of appellant's constitutional rights.

Matthew Massimo, pro se.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal derives from an order of the district court dismissing the petition of Matthew Massimo for mandamus and injunctive relief. We affirm in part and vacate and remand in part.[1]

Appellant, an inmate of the federal penitentiary in Atlanta, Georgia, filed a complaint in the court below seeking the release of two fellow inmates from solitary confinement and an injunction

Vacated and remanded.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.