[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 4, 2005
THOMAS K. KAHN
CLERK

No. 04-15715
Non-Argument Calendar

_____

D.C. Docket No. 04-02633-CV-CC-1

DEMETRIUS WALLACE,

Plaintiff-Appellant,

versus

D. L. SMITH,
LINDA HUNTER,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(August 4, 2005)

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Demetrius Wallace, a Georgia state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Officer D. L. Smith, Judge Linda Hunter, Judge Robert P. Mallis, Clerk Linda Carter, and Sheriff Thomas Brown (collectively referred to as "Defendants") pursuant to 28 U.S.C. § 1915A for failure to state a claim. On appeal, Wallace challenges the district court's findings that (1) Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars a § 1983 damage claim for alleged pretrial Fourth Amendment violations followed by a valid conviction, (2) a prisoner cannot bring a class action on behalf of himself and past, present, and future inmates and seek appointment of counsel on his and the class's behalf, and (3) state judges enjoy absolute immunity from suit.

Wallace first contends that under Hughes v. Lott, 350 F.3d 1157, 1160-61 (11th Cir. 2003), he may bring a § 1983 action for nominal damages for Fourth Amendment violations without implying the invalidity of his conviction, and the district court should have liberally construed his complaint to include a request for nominal damages.

We review an appeal from a § 1915A(b)(1) sua sponte dismissal for failure to state a claim de novo. Leal v. Georgia Dep't of Corrections, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Section 1915A requires a court to review a prisoner's

2

civil complaint against a governmental entity or officer, or a governmental entity's employee, before or soon after docketing the case to determine whether the case is frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1), (b)(2). A district court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984). We have noted that "[t]his standard is clearly hostile to summary dismissal based on the face of a complaint, and becomes more so when a pro se complaint from a prisoner is considered, because such complaints are to be read very liberally." Covington v. Cole, 528 F.2d 1365, 1370 (5th Cir. 1976) (citation omitted).

> Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.

GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Section 1983 imposes civil liability on any person who under color of law subjects, or causes to be subjected, any citizen to the deprivation of a constitutional right. 42 U.S.C. § 1983. "Section 1983 requires

3

proof of an affirmative causal connection between the official act or omission complained of and the alleged constitutional deprivation." Bailey v. Bd. of County Comm'rs, 956 F.2d 1112, 1124 (11th Cir. 1992).

We have held that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citations and quotations omitted); see also Heck v. Humphrey, 512 U.S. 477, 487 n.7, 114 S.Ct. 2364, 2372 n.7, 129 L.Ed.2d 383 ("a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." (citations omitted)).

Here, the district court erred with respect to Wallace's Fourth Amendment claim. Because it does not necessarily imply that his conviction was invalid, Wallace's Fourth Amendment claim is not barred by Heck as the district court

found. Therefore, the district court erred by dismissing this claim for failure to state a claim.

Next, Wallace submits that a pro se in forma pauperis litigant may bring a class action § 1983 complaint seeking declaratory and injunctive relief. "[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). Therefore, the district court properly dismissed this claim.

Wallace further asserts that his claims were unfairly prejudiced by the district court's sua sponte dismissal because he was not given the opportunity to amend his complaint, seek class certification, or have counsel appointed. "[S]ection 1915(e)(2)(B)(ii) [and § 1915A(b)] only addresses procedures to be followed by the district court once an inmate's claim is presented before the court. In no way does the section restrict the ability of a prisoner to prepare and file complaints, thereby bringing them to a court's attention." Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001) (citing with approval Martin v. Scott, 156 F.3d 578, 580 n.2 (5th Cir.1998) (noting that section 1915A, a statute

instituting screening procedures similar to section 1915(e)(2)(B)(ii), functions similarly to Fed. Rs. Civ. P. 11 and 12(b)(6), and does not unconstitutionally restrict prisoner's access to federal courts)). We reject this claim as well.

Finally, Wallace argues that the state court judges who denied his state habeas relief acted in the complete absence of all jurisdiction, stripping them of absolute immunity. "[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Id. at 11, 112 S.Ct. at 288. "[I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12, 112 S.Ct. at 288 (citations omitted).

Wallace's description of the state judges' activities indicated that their actions were judicial acts within the scope of their jurisdiction, vesting them with judicial immunity to suit. Therefore, the district court did not err by dismissing this claim. Accordingly, we vacate and remand with respect to Wallace's Fourth Amendment claim and affirm with respect to his remaining claims.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**