

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2005

# Alexander v. NJ Parole Board

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3928

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Alexander v. NJ Parole Board" (2005). *2005 Decisions*. Paper 40.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/40

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-3928
_____

KEVIN E. ALEXANDER,
Appellant

v.

NEW JERSEY STATE PAROLE BOARD; WILLIAM T. MCCARGO,
CHAIRMAN, ASSOC. MEMBERS et al.; DAVID BLAKER;
THOMAS HAAF; HERIBERTO COLLAZO; OSCAR T. DOYLE;
THOMAS J. ISKRZYCKI; STEPHEN IWASKO; DOMINIC D.
PORROVECCHIO; ROLANDO GOMEZ RIVERA; NORMAN
ROBERTSON; KENNETH L. SAUNDERS; PETER J. VAN ETTEN
RUBY J. WASHINGTON

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 03-cv-00697)
District Judge: Robert B. Kugler

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 23, 2005

Before: RENDELL, AMBRO and BECKER, Circuit Judges

(Filed: December 28, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Kevin Alexander, a state prisoner proceeding pro se, appeals the order of the United States District Court for the District of New Jersey dismissing his complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm the order of the District Court.

On July 29, 2002, while incarcerated at the Bayside State Prison, Alexander was denied parole by the New Jersey Parole Board. In February 2003, Alexander initiated the underlying § 1983 complaint in the District Court for the District of New Jersey.[1] Alexander alleged in the District Court that the defendants violated his due process rights, as well as state law, by denying him parole before his pre-parole report had been completed. Alexander sought compensatory and punitive damages, as well as injunctive and declaratory relief.

On October 11, 2003, while his action was pending in the District Court, Alexander's sentence expired and he was released from prison. However, approximately 15 months later, Alexander was convicted of receiving stolen property and distribution of a controlled dangerous substance on school property and sentenced to a three year term of imprisonment. Alexander, presently incarcerated at the Northern State Prison, is apparently eligible for parole on March 10, 2006.

---

[1] Alexander's complaint sought to certify a class of all similarly-situated inmates. We understand the District Court to have denied this request, and note that a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005).

By order entered August 3, 2005, the District Court dismissed Alexander's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, the District Court dismissed Alexander's federal claims on the grounds that they were either moot or without merit, and declined to exercise supplemental jurisdiction over Alexander's state law claims. This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review of the District Court's dismissal under § 1915(e)(2)(B). Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2003). We review the District Court's decision to refrain from exercising supplemental jurisdiction over state law claims for an abuse of discretion. Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 158 (3d Cir. 1998). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc). Because this appeal presents no "substantial question," we will summarily affirm the District Court's August 3, 2005, order. 3d Cir. LAR 27.4 and I.O.P. 10.6.

It is well established that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). States,

---

[2] Although Alexander was released on parole after he initiated this action, his appeal is not moot because, in addition to requesting injunctive and declaratory relief, Alexander seeks damages from the defendants. See, e.g., Board of Pardons v. Allen, 482 U.S. 369, 371 n. 1 (1987); Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998).

however, "may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Connor, 515 U.S. 472, 486 (1995); see also Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002). Even assuming that Alexander had a state-created liberty interest in the expectation of parole sufficient to invoke the requirements of due process, see, e.g., New Jersey Parole Bd. v Byrne, 460 A.2d 103 (N.J. 1983), Alexander failed to allege a due process violation. Due process in parole proceedings is satisfied so long as the procedures employed provide the inmate an opportunity to be heard and notice of any adverse decision. Greenholtz, 442 U.S. at 16. Here, Alexander received a parole hearing on July 28, 2002, before defendants David Blaker and Thomas Haaf. Alexander does not allege that he was denied an opportunity to be heard at his July 28 hearing, or that he did not receive notice the Board's adverse decision. Although Alexander contends that Blaker and Haaf did not have in their possession a copy of his amended judgment of conviction at the July 28 hearing, he does not allege that he was precluded from informing them of its existence at the hearing, at which he was clearly present. Under these circumstances, the District Court did not err in dismissing Alexander's due process claims.

Likewise, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Alexander's state law claims. The District Court may refuse to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal jurisdiction here was predicated on Alexander's § 1983 claims. Thus, once Alexander's

4

federal claims were dismissed, the District Court properly exercised its jurisdiction and declined to exercise supplemental jurisdiction over the state law claims. See Hudson United Bank, 147 F.3d at 158.

For the foregoing reasons, we will summarily affirm the District Court's August 3, 2005 order.