[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12291
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-14091-DLG

TRAVIS ROY BASS, et al,

Plaintiffs,

TIMOTHY JUSTIN TACY, SR.,

Plaintiff-Appellant,

versus

SUSAN BENTON,
Highlands County Sheriff Office,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 14, 2011)

Before BARKETT , HULL and ANDERSON , Circuit Judges.

PER CURIAM:

Timothy Tacy, a former prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 class action civil rights complaint against Susan Benton, the Sheriff of Highlands County, Florida and the Sheriff's Office Detention Bureau for violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution. On appeal, Tacy argues that Benton, acting under the color of state law, deprived the prisoners and their friends and family of rights protected under federal law and the Constitution in restricting the type, size, and content of the mail prisoners received while incarcerated in the Highlands County jail. Tacy argues that no part of his class action complaint is frivolous, and therefore, should not be dismissed. Lastly, Tacy argues that because § 1 of the Civil Rights Act of 1871 indicates that Congress assigned federal courts with the role of protecting constitutional rights, we must reverse and remand the case to the district court for trial.

We review *de novo* the district court's dismissal of Tacy's § 1983 action. *Grayson v. King*, 460 F.3d 1328, 1336 n.5 (11th Cir. 2006). We have interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, as providing "a personal right that does not extend to the representation of the

interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). We have affirmed the dismissal of the portion of a prisoner's complaint seeking relief on behalf of fellow inmates. *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972); *see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action).

Following the holding of *Massimo*, Tacy may not seek relief on behalf of his fellow inmates. 468 F.2d at 1210. Because Tacy may not represent the plaintiffs in a class action suit, the district court properly dismissed Tacy's § 1983 complaint. Accordingly, we affirm.

**AFFIRMED.**