[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11988
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-04009-WMA-JHE


BONNIDE JOHNSON,

Plaintiff-Appellant,

versus

CHAPLAIN OSSIE BROWN,
WARDEN,
COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____
(September 12, 2014)

Before HULL, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Bonnide Johnson, a pro se Alabama prisoner, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint alleging that prison officials violated his First Amendment right to the free exercise of religion and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a).  Pursuant to 28 U.S.C. § 1915A(b)(1), the district court sua sponte dismissed Johnson's final amended complaint ("complaint"), dated October 7, 2013, for failure to state a claim.  Johnson also appeals the denial of his motion for class certification.  After review, we affirm the district court's denial of Johnson's class certification motion, but reverse the district court's dismissal of Johnson's Free Exercise and RLUIPA claims and remand for further proceedings consistent with this opinion.

## I.  JOHNSON'S FINAL AMENDED COMPLAINT

Before addressing the merits of Johnson's Free Exercise and RLUIPA claims, we summarize the allegations in his final amended complaint relating to those claims. [1]

Johnson is an Orthodox Sunnah Muslim incarcerated at St. Clair Correctional Facility ("St. Clair") in Alabama.  In his complaint, Johnson alleged that adherents of the Orthodox Sunnah religion strictly comply with the tenets of

---

[1]Johnson's complaint also alleged violations of the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment and a conspiracy to violate his First and Fourteenth Amendment rights.  On appeal, Johnson's brief states that he does not abandon these claims, but offers no meaningful argument as to the district court's dismissal of them.  Therefore, Johnson is deemed to have abandoned these claims, and we do not address them further.  See  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); Singh v. United States AG, 561 F.3d 1275, 1278-79 (11th Cir. 2009).

the Quran and the traditions of the Prophet Muhammad, which make it "obligatory," (1) to pray five times a day in a congregational format, (2) to assemble on Friday for the Jummuah service and for Ramadan, the month of fasting that begins and ends with a feast; and (3) to conduct classes and services that teach the religion's precepts and movements of prayers and teach adherents to read Arabic, the language in which the Quran was revealed.  Johnson further alleged that he has an obligation to the Creator to establish community prayer and contribute to the guidance of the Sunnah inmate community.  Accepting these allegations as true, Johnson alleged that these religious practices are based on his sincerely held religious belief and are compelled by his Sunnah religion.

According to the complaint, Johnson has been a practicing Sunnah Muslim at St. Clair for over 25 years.  As alleged, for most of that time, St. Clair officials allowed Sunnah inmates access to a classroom, which they used as a prayer room, or Masjid, for the five daily prayers and the Friday Jummuah services, and also for religious classes, which Johnson teaches.  The Masjid provided the Sunnah inmates with a "clean, spiritually enriching atmosphere" in which to conduct their religious exercises.

By 2013, however, St. Clair officials had begun denying Sunnah inmates access to the Masjid except for Monday through Thursday at 7:30 p.m. and for the month of Ramadan.  As a result, Johnson and the other Sunnah inmates were

forced to conduct most of their obligatory congregational religious services in the dormitory living area within inmate traffic and where there is profane talk and activity.

Johnson alleged that the defendants obstructed his ability to practice his Sunnah religion by: (1) limiting his access to the Masjid for congregational prayers, services, and classes such that, except for during Ramadan, Johnson must conduct and participate in morning and afternoon congregational prayers and Friday Jummuah congregational services in the dormitory living area; (2) repeatedly delaying, interrupting, and cancelling scheduled congregational prayers, services, and classes without explanation; (3) failing to hold the Eid al-Adha service and mishandling the feast at the end of Ramadan in October 2013; and (4) prohibiting him from wearing his Kufi prayer cap when going to and from prayer.

In addition, Johnson alleged two specific instances in which prison officials interrupted Johnson's prayers and ordered him to stop praying and leave. In the first instance, on July 13, 2013, one defendant allegedly entered the Masjid at 7:45 p.m. while Johnson and another inmate were engaged in scheduled congregational prayer and threatened to spray the inmates with tear gas if they did not stop praying and leave the Masjid. In the second instance, on July 28, 2013, Johnson was in his dormitory at 3:00 a.m. and engaged in a special, extra prayer from the Quran "for spiritual profit" that is "done in the wee hours." Johnson alleged that while

4

performing this prayer, two defendants, accompanied by other prison staff, surrounded him, grabbed him by the back of his shirt, pulled him out of a prostrate position, and ordered him back to his cell.

## II. STANDARDS OF REVIEW

We review for an abuse of discretion the denial of a class certification. Williams v. Mohawk Indus., 568 F.3d 1350, 1355 (11th Cir. 2009). We review de novo a district court's sua sponte dismissal under § 1915A for failure to state a claim, accepting the allegations in the complaint as true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

Dismissal under § 1915A is governed by the same standards as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). That is, although the complaint need not provide detailed factual allegations, it must contain "sufficient factual matter" to state a claim that is facially plausible and raises a right to relief above the speculative level. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); see also Bell Atl. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). While pro se pleadings are held to a less stringent standard than counseled pleadings, Gilmore v. Hodges, 738 F.3d 266, 281 (11th Cir. 2013), we may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading

in order to sustain an action," Campbell v. Air Jamaica Ltd., __ F.3d __, No. 12-14860, 2014 WL 3060747, at *2 (11th Cir. July 8, 2014). [2]

### III.  JOHNSON'S FREE EXERCISE AND RLUIPA CLAIMS

The district court erred in concluding that Johnson's final amended complaint failed to state a facially plausible First Amendment Free Exercise claim.

Although prison inmates retain protections afforded by the First Amendment's Free Exercise Clause, prison officials may impose limitations on an inmate's exercise of sincerely held religious beliefs if the limitations are "reasonably related to legitimate penological interests."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 349, 107 S. Ct. 2400, 2404 (1987).  Thus, a "prison regulation, even though it infringes the inmate's constitutional rights, is an actionable constitutional violation only if the regulation is unreasonable."  Hakim v. Hicks, 223 F.3d 1244, 1247 (11th Cir. 2000).  In evaluating a prison regulation's reasonableness, we consider four factors, first enunciated in Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254 (1987), including: "(1) whether there is a valid, rational connection between the regulation and a legitimate governmental interest put

---

[2]Although Johnson argues otherwise, the district court did not abuse its discretion when it directed him to file a final amended complaint that did not refer to or incorporate his prior pleadings.  In addition to his original complaint, Johnson had already filed two prior motions to amend his complaint in which he sought to incorporate by reference his previous claims and listed only those additional facts and requests for relief that he wanted to include.  In directing Johnson to plead all claims in one final complaint, the district court explained that it wanted to avoid the potential for confusion created by the number of amendments and pleadings Johnson had already filed.  The district court, however, did not preclude Johnson from including any facts or claims alleged in those prior pleadings.

6

forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an exaggerated response to prison concerns." Hicks, 223 F.3d at 1247-48 (quotation marks omitted).

Here, Johnson's pro se final amended complaint, construed liberally and in the light most favorable to Johnson, alleged that prison officials infringed his practice of his Sunnah faith in a number of ways.  Because, at the § 1915A preliminary-screening stage, the defendants have not yet been served with and responded to Johnson's allegations, we do not know what justifications they may provide for these alleged actions.  Further, given the particular type of allegations, such as about denying access to the existing Masjid, we cannot say that this is a case in which the prison officials' legitimate penological interests are apparent from the face of the complaint.  Accordingly, at this early stage in the proceedings, we cannot evaluate whether the alleged restrictions on Johnson's religious practice were reasonable in light of the four Turner factors.  See Saleem v. Evans, 866 F.2d 1313, 1316-17 (11th Cir. 1989) (explaining that ordinarily a prisoner's First Amendment Free Exercise claim should not be dismissed for failure to state a claim unless the complaint's allegations show the state has a legitimate

justification for regulating a prisoner's religious practices or the claim is "so facially idiosyncratic" that no state justification is required).

Given the procedural posture of Johnson's case, the district court's reliance on O'Lone was misplaced. O'Lone involved the review of a district court's order denying a request for a preliminary and permanent injunction entered following an evidentiary hearing. See 482 U.S. at 347, 107 S. Ct. at 2403 (citing the district court's order in Shabazz v. O'Lone, 595 F. Supp. 928 (D.N.J. 1984)). As such, the Court in O'Lone relied on evidence presented at the hearing and the district court's fact findings in evaluating the four Turner factors to determine whether the prison officials had acted in a reasonable manner. See 482 U.S. at 349-53, 107 S. Ct. at 2404-07. Here, unlike in O'Lone, the facts surrounding the defendants' justification for their alleged interference with Johnson's religious practices must still be developed before a determination can be made as to whether the defendants acted reasonably. Therefore, at this juncture, Johnson's Free Exercise claim is plausible on its face.

Similarly, we cannot say Johnson's allegations failed to make a prima facie showing that his religious exercise was substantially burdened by the defendants' actions, as required to state a RLUIPA claim. See Knight v. Thompson, 723 F.3d 1275, 1283-87 (11th Cir. 2013), pet. for cert. filed (Feb. 6, 2014) (No. 13, 955) (concluding that the plaintiffs made their prima facie showing that a prison policy

prohibiting Native American inmates from wearing long hair substantially burdened their religious exercise, but that the defendants then met their burden to show the policy was the least restrictive means to ensure a compelling governmental interest in prison safety).

### III.  MOTION FOR CLASS CERTIFICATION

Finally, the district court did not abuse its discretion when it denied Johnson's motion for class certification.  Johnson filed this action pro se and does not appeal the district court's subsequent denial of his request for the appointment of counsel.  As a pro se litigant, Johnson cannot bring an action on behalf of his fellow orthodox Muslim inmates.  See Timson, 518 F.3d at 873 (explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed pro se, provides "a personal right that does not extend to the representation of the interests of others"); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a pro se inmate could not bring a petition for equitable relief on behalf of his fellow inmates).

### IV.  CONCLUSION

For these reasons, we affirm the district court's denial of Johnson's motion for class certification, but we reverse the district court's dismissal of Johnson's First Amendment Free Exercise and RLIUPA claims and remand those claims to the district court so that the defendants may respond to Johnson's allegations.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**